UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61526-CIV-COHN

STEADROY WILLIAMS,

    Petitioner,

v.

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

### REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the petitioner **Steadroy Williams'** Petition for Writ of Habeas Corpus (DE 1) filed pursuant to 28 U.S.C. §2254, which was referred to United States Magistrate, Lurana S. Snow, for report and recommendation. In its response to the instant petition, the respondent argues that the petitioner's claims are barred by the AEDPA's one-year statute of limitations period. The petitioner was ordered to file a reply memorandum addressing the issue of timeliness, but no reply was filed.

### I. PROCEDURAL HISTORY

The petitioner was charged and convicted of armed kidnaping and armed robbery in violation of Fla. Stat. 812.13. He was sentenced to a prison term of forty years, ten of which were mandatory. The petitioner filed a notice of appeal on September

25, 2002, and on October 29, 2003, the Fourth District Court of Appeal affirmed the judgment and sentence.

On June 15, 2004, the petitioner filed a <u>pro se</u> Petition for Post Conviction Relief, which was denied by the trial court on September 10, 2004. On November 17, 2005, the petitioner filed a motion for belated appeal, which was granted on February 9, 2006. On March 1, 2006, the petitioner appealed the denial of his Petition for Post Conviction Relief, and on April 4, 2006, the Court of Appeal affirmed the order of the trial court. The instant petition was filed on October 8, 2006.

## II. **RECOMMENDATIONS OF LAW**

Pursuant to 28 U.S.C. § 2244 (d)(1), a petition for writ of habeas corpus must be filed within one year from the latest of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsection (2) of § 2244(d) provides that the time during which a properly filed application for State post-conviction relief is pending is not counted in determining whether the limitations period has run.

The respondent points out that the judgment against the petitioner became final, at the latest, on January 27, 2004 (ninety days after his conviction was affirmed on appeal). *See*, Clay v. United States, 537 U.S. 522, 532 (2003). Therefore, if there were no excludable time, a § 2254 petition would have had to be filed prior to January 27, 2005. However, the time was tolled on June 15, 2004, when the petitioner filed his petition for post conviction relief. At that point, 140 days of the one-year limitation period had elapsed.

The time began to run again on September 10, 2004, when the petition was denied. The time period was not tolled until November 17, 2005, when the petitioner filed a motion for a belated appeal. An additional 433 days had elapsed, during which the limitations period for filing a § 2254 motion expired. Moreover, the instant petition was not filed until October 6, 2006, 135 days after the Fourth District Court of Appeal affirmed the denial of the petition for post conviction relief.

The respondent asks that the instant petition be dismissed as untimely. Despite this Court's order, the petitioner has not offered any rebuttal to the respondent's contention that the statute of limitations has run. Accordingly, the instant petition should be dismissed.

## III. CONCLUSION

This Court has reviewed carefully the record in this matter as well as the applicable law, and being fully advised in the premises, it is hereby

RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with James I. Cohn, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (en banc).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this ___ day of November, 2007.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Robyn Blake, Esq. (P)
AAG Mitcell Egber (WPB)