UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



Case No. 06-61526-CIV-COHN/SNOW

STEADROY WILLIAMS,

        Petitioner,

v.

JAMES R. McDONOUGH,
Secretary of the Florida
Department of Corrections,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING PETITION AS TIME-BARRED

**THIS CAUSE** is before the Court upon a Report and Recommendation [DE 16], submitted by United States Magistrate Judge Lurana S. Snow, regarding Petitioner Steadroy Williams' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions of armed kidnaping and armed robbery entered in Broward County Circuit Court case number 00-3844-CF-10B. Pursuant to 28 U.S.C. §636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Petition, the Report and Recommendation, and Petitioner's Objections [DE 17], and is otherwise fully advised in the premises.

In the Report and Recommendation, Magistrate Judge Snow concludes that Mr. Williams' Petition is untimely, and recommends that it be dismissed on this basis. The issue of the Petition's untimeliness was first raised by the Respondent in his Response to the Petition, filed on June 20, 2007 [DE 13]. On July 17, 2007, Judge Snow issued an Order directing Mr. Williams to file a reply on or before August 3, 2007, addressing

the arguments raised by the Respondent regarding the timeliness of the Petition [DE 15]. No reply was ever filed, and on November 9, 2007, Judge Snow submitted the instant Report and Recommendation. In his Objections to the Report and Recommendation, Mr. Williams raises for the first time the argument that a period of nine months should be tolled based on the prison officials' failure to mail out a Notice of Appeal and Initial Brief in the state court appeal under Florida Rule of Criminal Procedure 3.850 when it was first submitted to them by Mr. Williams for mailing.

Although the Eleventh Circuit has held that a district court does not abuse its discretion where it considers arguments raised for the first time in objections to a report and recommendation, it has expressly declined to rule on the question of whether or not a District Court *must* consider such arguments. Stephens v. Tolbert, 471 F.3d 1173, 1177 (11th Cir. 2006). Other circuits, however, have concluded that district courts do have the discretion to refuse to consider arguments raised for the first time in objections. The Ninth Circuit has held that "[a]rguments raised for the first time on appeal have traditionally been held to be barred, absent exceptional circumstances or a convincing explanation for the failure to present them to the court below . . . The district court was well within its discretion in applying this rule to matters heard in the first instance by the magistrate." Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir. 1988) (*overruled on other grounds by* United States v. Hardesty, 977 F.2d 1347-48 (9th Cir. 1992)). The First Circuit has agreed, stating "[w]e hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate." Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

2

Similarly, the Tenth Circuit has held that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). Likewise, the Fifth Circuit has held that a party waives an argument by failing to raise it before the magistrate judge and waiting to assert it until after the magistrate court has issued its findings and recommendations. Cupit v. Whitley, 28 F.3d 532, 535 (5th Cir. 1994).

Based on a consideration of this precedent, as well as the circumstances of this case, the Court concludes that it may decline to consider the arguments raised for the first time in Petitioner's Objections, and that doing so is warranted based on Petitioner's failure to respond to Judge Snow's Order directing him to file a reply on the precise issue of timeliness. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Lurana S. Snow [DE 16] is **ADOPTED**.

2. Petitioner Steadroy Williams' Petition for Writ of Habeas Corpus [DE 1] is **DISMISSED** as time-barred.

3. Any other pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this _6th_ day of March, 2008.

JAMES I. COHN
United States District Judge

3

Copies provided to:

Counsel of record

4